## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE

Bostonia Produce, Inc.

      v.                              Civil No. 10-cv-568-JL

Joseph Sirois, Individually and
d/b/a Joseph Premium Produce
and Joseph's Premium Produce

### REPORT AND RECOMMENDATION

Bostonia Produce, Inc. ("Bostonia") brings this multi-count suit for damages under the Perishable Agricultural Act, 7 U.S.C. § 499a, et. seq. ("PACA") against Joseph Sirois individually ("Sirois") and d/b/a Joseph Premium Produce and Joseph's Premium Produce.  Bostonia is a licensed wholesaler of fruit and produce who sold produce to defendant.  Bostonia alleges that defendant induced delivery of the produce at a time when defendant knew defendant could not pay, or had no intention of paying, for the goods.

Defendant failed to respond to Bostonia's complaint and the clerk of court entered default against defendant on March 23, 2011 (doc. no. 7).  Bostonia filed a motion for default judgment and, on July 6, 2011, a hearing was held thereon.

"A defaulting party 'is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.'"  Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002) (quoting Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999)).  Regardless of the cause(s) of action under which monetary relief is awarded, Bostonia is obligated to prove the damages it seeks.  See Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 339 n.3 (1st Cir. 2008) (citations omitted); KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003) (citing Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.") (citations omitted)).

Bostonia is entitled to judgment against defendant on the following counts in its complaint: breach of contract for failure to pay for delivered goods (Counts I and II); dissipation of PACA trust assets by a responsible party under PACA (Count III); and engaging in unfair or deceptive acts and practices in violation of M.G.L.C. 93A (Count IV).  Bostonia has submitted evidence on damages with respect to each count.  Bostonia seeks interest on the contractual breaches, as well as its attorneys' fees and costs

pursuant to M.G.L.C. 93A[1].  Based on allegations in the complaint and
the evidence in the record, I make the following findings with respect
to Bostonia's entitlement to damages.

    1.    <u>Damages For Unpaid Invoices</u>

    Bostonia proved that it is entitled to a damages award of
$41,536.82 against defendant for unpaid invoices under Count I
(account stated), Count II (breach of contract), and Count III (PACA
liability for Sirois as a "responsibly connected" person).  Bostonia
further proved that it is entitled to interest on that unpaid sum
from November 30, 2010, until the date of entry of judgment.

    2.    <u>Interest</u>

    M.G.L.C. 231 § 6C permits recovery of interest at the higher of
the statutory rate (12% per annum) or the contract rate ("annual rate
of 18%").  As the law of Massachusetts applies here, Bostonia is
entitled to interest at its contract rate ("annual rate of 18%").

---

[1]Although plaintiff asserts in its memorandum that it is
entitled to attorneys' fees pursuant to its contract with defendant,
plaintiff conceded at the hearing that the invoices do not support
that assertion.  Plaintiff withdrew that portion of its argument and
stated that its entitlement to attorneys' fees rested solely on the
93A claims.

3.   Treble Damages

M.G.L.C. 93A prohibits unfair and deceptive acts and practices. In the event a violation of chapter 93A is found, the statute permits the court to award double or triple the actual damages.

A buyer of goods who, at the time of purchase, either intends not to make timely payment or knows that he lacks the ability to make timely payment has thereby committed an unfair and deceptive act or practice rising to the level of a knowing or willful violation of M.G.L.C. 93A § 11.   See Marshall v. Stratus Pharm., Inc., 51 Mass. App. Ct. 667, 676, 746 N.E.2d 698, 708 (Mass. App. Ct. 2001). Bostonia alleges in the complaint that defendant never intended to pay for the goods Bostonia delivered to defendant.  By virtue of the default, this allegation is deemed admitted.  The complaint placed defendant on notice that it was seeking damages of at least twice and up to three times the damage award.

The evidence presented to the court supports an award of treble damages.  Bostonia submitted unpaid invoices and a series of bounced checks dating from May 2005 through September 2008.  Defendant made numerous payments (each in small amounts, typically around $50) between 2005-2008.  However, since September 2008, defendant has made no further payments.  These exhibits, coupled with defendant's admission that he purchased the goods from Bostonia with no intention of paying for them, establish willfulness and entitle Bostonia to

4

enhanced damages under 93A.  Further, Bostonia presented evidence that defendant is a repeat PACA offender.  In an order dated December 14, 2005, Magistrate Judge Muirhead awarded two plaintiffs treble damages under M.G.L.A. 93A for remarkably similar conduct committed by Sirois (and other defendants) in a PACA case.  See The Alphas Co. v. Eaton & Eustis Co., No. 04-cv-061-JD (D.N.H. Dec. 14, 2005).  In an order dated October 24, 2007, the federal district court in Massachusetts awarded a plaintiff double damages under M.G.L.C. 93A for remarkably similar conduct committed by this defendant.  See B.C. Produce v. Sirois, No. 07-cv-11024-WGY (D. Mass. Oct. 24, 2007). The court finds that defendant's conduct in this case is willful and that treble damages are warranted.

### 4.   Attorneys' Fees

Bostonia is entitled to attorneys' fees for defendant's violation of M.G.L.A. 93A.  Plaintiff has submitted a complete statement of its respective fees and expenses, supported by affidavits detailing hourly rates, time expended and tasks performed.  Given the expertise of counsel, the court finds the rates requested to be reasonable.  Counsel's time was efficient and necessary and all entries are reasonable and should be approved.

Accordingly, the court finds that Bostonia is entitled to recover fees of $2,731.25 and expenses of $76.44 for the services

of Andrew Osborne, Esquire.  The court further finds that Bostonia is entitled to recover fees of $750.00 and costs of $350.00[2] for the services of its local counsel, Marc W. McDonald, Esquire.

<u>Summary of Recommended Judgment</u>

Judgment for Bostonia as follows:

| | |
|---|---|
| Treble Damages | $124,610.46 |
| Atty. Fees, Costs | $3,907.69 |

Plus 18% annual interest on the unpaid balance of $41,536.82, from November 30, 2010, until the date judgment is entered.

Accordingly, I recommend that the court enter judgment for Bostonia Produce, Inc., in this case in the amount of $128,518.15, plus 18% interest on the unpaid balance of $41,536.82 from November 30, 2010, to the date of judgment is entered.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Sch.</u>

_____

[2]Plaintiff did not include the $350.00 filing fee in the calculated attorneys' fees listed in either the Motion for Default Judgment (doc. no. 11) or Attorney McDonald's affidavit (doc. 11-4). The court deems this an oversight and includes the filing fee in its calculation of Mr. McDonald's costs.

Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya B. McCafferty
United States Magistrate Judge

Date: July 11, 2011

cc:  Marc W. McDonald, Esq.